IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CHRISTOPHER GORDON,

    Plaintiff,

v.                                                                    No. 12-1118

CARROLL COUNTY, TENNESSEE, et al.,

    Defendants.
_____

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL
_____

    This action was brought by the Plaintiff, Christopher Gordon, on May 24, 2012 against the Defendants, Carroll County, Tennessee; Michael Lowe, in his individual and official capacities; Allison Jordan, in her individual and official capacities; and Luke Thomas (L.T.) Kee, in his individual and official capacities, alleging violation of Gordon's constitutional rights pursuant to 42 U.S.C. § 1983 as well as state law claims including negligence, negligent infliction of emotional distress and intentional infliction of emotional distress/outrageous conduct. Before the Court is the motion of the Defendants for partial dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the movants seek dismissal of (1) all the state law claims and (2) the official capacity federal claims against the individual Defendants.

    Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "When deciding a motion to dismiss under [the Rule], the district court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true." Paige v. Coyner, 614 F.3d 273, 277 (6th Cir. 2010) (citing Lambert v. Hartman, 517 F.3d 433, 439 (6th Cir. 2008)). "In order

to survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's] complaint need contain only 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent. An official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Cady v. Arenac Cnty., 574 F.3d 334, 342 (6th Cir. 2009) (internal citations & quotation marks omitted). Thus, a damages suit against Lowe, Jordan and Kee in their official capacities is a suit against Carroll County, which was named as a Defendant in this action. The official capacity claims for damages are therefore DISMISSED. *See* Cox v. Reagan, No. 3:06-CV-250, 2009 WL 2579655, at *4 (E.D. Tenn. Aug. 17, 2009) (as official capacity suit against officer was essentially a suit against the municipality, which was also a defendant, there was no need to maintain official capacity suit and dismissal was appropriate).

State law claims against governmental entities and their employees are governed by the Tennessee Governmental Tort Liability Act ("GTLA"). *See* Tenn. Code Ann. § 29-20-101, *et seq*. These claims would ordinarily confer supplemental jurisdiction in this Court because they arise out of the same facts and form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). However, GTLA claims must be brought in "strict compliance" with the terms of the state statute. *See* Tenn. Code Ann. § 29-20-201(c). The GTLA expressly states that Tennessee "circuit courts shall have exclusive original jurisdiction" over claims brought pursuant to its provisions. Tenn. Code Ann. § 29-20-307.

A district court may, in its discretion, decline supplemental jurisdiction over a state law claim even if jurisdiction would otherwise be proper under § 1367(a). Section 1367(c)(4) allows a district

court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).  The Sixth Circuit has held that "the Tennessee legislature expressed a clear preference that [GTLA] claims be handled by its own state courts.  This unequivocal preference of the Tennessee legislature is an exceptional circumstance [under § 1367(c)(4)] for declining jurisdiction."  Gregory v. Shelby Cnty., Tenn., 220 F.3d 433, 446 (6th Cir. 2000).  Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* Ables v. Shelby Cnty., Tenn., No. 2:10-CV-02169-JPM-dkv, 2010 WL 3024959, at * (W.D. Tenn. July 29, 2010) (state law claims dismissed in light of Sixth Circuit's finding that Tennessee legislature's preference that GTLA claims be addressed in state courts was an exceptional circumstance under § 1327(c)(4) supporting order declining jurisdiction).  The Plaintiff's state law claims are DISMISSED without prejudice.

      IT IS SO ORDERED this 6th day of September 2012.

                                        s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE